I2WAY CORPORATION, Petitioner

v.

FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents

Hexagram, Inc., Intervenor.

No. 04–1174.

United States Court of Appeals, District of Columbia Circuit.

March 23, 2005.

Frederick J. Day, Law Office of Frederick J. Day, Falls Church, VA, for Petitioner.

John A. Rogovin, Daniel McMullen Armstrong, Associate General Counsel, Gregory M. Christopher, Counsel, Pamela Louise Smith, Counsel, Federal Communications Commission, Robert Hewitt Pate, III, Catherine G. O'Sullivan, Chief Counsel, U.S. Department of Justice, Washington, DC, Andrea Limmer, Attorney, for Respondents.

Before RANDOLPH and ROBERTS, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

This cause was considered on a petition for review of an order of the Federal Communications Commission and was briefed by counsel. The Court has determined that the issues presented do not warrant a published opinion. See D.C.Cir. Rule 36(b). For the reasons stated in the Commission's order, it is

ORDERED and ADJUDGED that the petition for review be denied.

We note, however, that the Commission's order contains an erroneous negative. It says, "Under i2way's interpretation, there is no distinction, for example, between five applications seeking authority to operate ten channels each, and one application seeking authority to operate fifty channels in any given service area." *In the Matter of i2way Request for Declaratory Ruling Regarding the Ten–Channel Limit of Section 90.187(e) of the Commission's Rules,* 18 FCC Rcd 6293, 6297, ¶ 7 (Wireless Bureau 2003). Quite the contrary, under i2way's interpretation there *is* a distinction between the outcomes of the two hypothetical scenarios: in the former, the Commission may grant authority to operate 50 channels, while in the latter the Commission may grant authority for only ten.

Pursuant to Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).